JUDGE DANIELS     10 CV 2838

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
RODNEY JAGDEO

       Plaintiff,   COMPLAINT

 -against-       CIVIL ACTION NO.:

CITY OF NEW YORK, SERGEANT LIAM KELLY TAX
REG. NO. 924016, POLICE OFFICERS TYLER
RUTHIZER TAX REG.NO. 944961 and JENNIFER
CITTADINO TAX.REG.NO.944442 and
UNIDENTIFIED NEW YORK CITY POLICE OFFICERS,
EMPLOYEES AND AGENTS,

       Defendants,
------------------------------------------X

RECEIVED MAR 31 2010 U.S.D.C. S.D.N.Y. CASHIERS

JURY TRIAL DEMANDED

  The plaintiff, complaining of the defendants, by his attorney, DARMIN T. BACHU ESQ. of BACHU & ASSOCIATES, respectfully shows to this Court and alleges:

## JURISDICTION

1. Jurisdiction is founded upon the existence of a Federal Question.

2. This is an action to redress the deprivation under color of statute, ordinance, regulation, custom, or usage of a right, privilege, and immunity secured to plaintiff by the Fourth and Fourteenth Amendments to the Constitution of the United States (42 U.S.C. § 1983) and arising under the law and statutes of the State of New York.

3. Jurisdiction is founded upon 28 U.S.C. Sections 1331, 1343(3) and 1343(4), this being an action authorized by law to redress the deprivation under color of law, statute, ordinance, regulation,

1

custom and usage of a right, privilege, and immunity secured to plaintiff by the Fourth and Fourteenth Amendments to the Constitution of the United States.

4. That venue is proper pursuant to 28 U.S.C. § 1391(b)(1) and 2).

5. The matter in controversy exceeds, exclusive of interest and costs, the sum or value of ONE HUNDRED FIFTY THOUSAND ($150,000.00) DOLLARS.

6. That an award of attorneys' fees is appropriate pursuant to 42 U.S.C. § 1988.

**PARTIES**

7. That the plaintiff, RODNEY JAGDEO, an Asian male, is a resident of the United States and is a resident of the County of Nassau, State of New York.

8. Upon information and belief, that at all times hereinafter mentioned, the defendant, CITY OF NEW YORK (NYC), was and still is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

9. Upon information and belief, that at all times hereinafter mentioned, the defendant NYC its agents, servants and employees operated, maintained and controlled the NEW YORK CITY POLICE DEPARTMENT (NYPD), including all the police officers thereof, and that NYC is vicariously liable for the violations of New York State tort law by its servants, agents and employees via the principle of

respondeat superior as at all times relevant all defendant officers were acting for, upon, and in furtherance of the business of their employer and within the scope of their employment.

10. Upon information and belief, that at all times hereinafter mentioned, defendants SERGEANT LIAM KELLY TAX REG. NO. 924016, POLICE OFFICERS TYLER RUTHIZER TAX REG. NO. 944961 and JENNIFER CITTADINO TAX REG. NO. 944442 and UNIDENTIFIED POLICE OFFICERS were employed by the defendant NYC as police officers in New York City, New York.

11. The NYPD is a local governmental agency, duly formed and operating under and by virtue of the Laws and Constitution of the State of New York and the defendant, NYC is responsible for the policies, practices and customs of the NYPD as well as the hiring, screening, training, supervising, controlling and disciplining of its police officers and civilian employees.

12. This action arises under the United States Constitution, particularly under provisions of the Fourth and Fourteenth Amendments of the Constitution of the United States, and under federal law, particularly the Civil Rights Act, Title 42 of the United States Code, Section 1983 and the rights under the Constitution and laws of the State of New York.

13. Each and all of the acts of the defendants alleged herein were done by the defendants, their agents, servants and employees, and each of them not as individuals, but under the color and pretense

of the statutes, ordinances, regulations, customs and usages of the State of New York, the City of New York, and under the authority of their office as police officers of said state and city.

### PENDENT STATE CLAIMS

14. That Notice of the Plaintiff's Claims, the nature of the claims and the date of, the time when, the place where and the manner in which the claims arose were duly served upon the Comptroller of the defendant NYC within ninety days on or about October 5, 2009.

15. No 50-H hearing was requested of the Plaintiff.

16. That more than thirty days have elapsed since the Notice of Claim has been served upon the defendants and the said defendants have neglected or refused to make any adjustment or payment thereof.

17. That this action is commenced within one year and ninety days after the cause of action arose.

18. That New York CPLR Section 1601 does not apply pursuant to the exception provided by CPLR Section 1602 (1) (b).

### STATEMENT OF FACTS

19. That Plaintiff was subjected to the above conduct starting on July 6, 2009 at approximately 12 a.m. at 103-12 106 Street Richmond Hill, New York when SERGEANT LIAM KELLY TAX REG. NO. 924016, POLICE OFFICERS TYLER RUTHIZER TAX REG. NO. 944961 and JENNIFER CITTADINO TAX REG. NO. 944442 and other unidentified

4

police officers responded to a 911 call made by Plaintiff because he feared for the safety of his son who had been taken upstairs by an individual against whom Plaintiff had an Order of Protection and whom Plaintiff believed to be in possession of a weapon. Upon the arrival of the officers, Plaintiff requested that the officers please go upstairs and check on his son. One of the officers repeatedly told Plaintiff to shut up and repeatedly bumped his chest into Plaintiff pushing Plaintiff into a corner. Plaintiff complained: "I can't get any justice because one of you guys is fucking my wife" referring to an affair that plaintiff's wife was conducting with an officer at the 106 Precinct. Sergeant Kelly thereafter immediately gave an order to "Cuff him" referring to plaintiff. Plaintiff was then immediately handcuffed and thrown to the ground. While Plaintiff was lying face down in handcuffs on the floor, Sergeant Kelly put his knee on Plaintiff's neck while Kelly and approximately five other officers punched and kicked Plaintiff for approximately 5-7 minutes while using racial epithets including calling plaintiff "Nigger". Two or three female officers including Police Officer Jennifer Cittadino Tax Reg. # 944442 stood nearby and observed the beating of Plaintiff without intervening. The beating of Plaintiff while he was handcuffed on the floor was witnessed by family members including his 11 year old daughter and his niece and her husband. Due to his extensive injuries, Claimant was taken by ambulance to Jamaica Hospital. Upon his release from

the hospital, Plaintiff was brought to the 106th Precinct where he was placed in a cell for approximately eight hours until he was taken to Central Booking where he was falsely charged with various offenses and released on $1000 bail. Subsequently, these false charges were adjourned in contemplation of dismissal on October 13, 2009.

### AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF VIOLATION OF PLAINTFF'S RIGHTS PURSUANT TO 42 U.S.C. SECTION 1983 AND THE FOURTH AMENDMENT VIA USE OF EXCESSIVE FORCE AND UNREASONABLE FORCE

20.     Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

21.     That the plaintiff's rights have been violated under the Fourth Amendment of the United States Constitution made applicable to the states via the Fourteenth Amendment pursuant to 42 U.S.C. Section 1983, in that Plaintiff was unlawfully subjected to excessive and unreasonable force by Sgt Kelly who put his knee on Plaintiff's neck while he and approximately five other unidentified officers repeatedly punched and kicked Plaintiff as he lay handcuffed on the ground.

22.     That the said assault and battery of the plaintiff was effected by Sergeant Kelly and five other unidentified officers without any reasonable necessity to use any force much less the excessive force that was employed and used without legal

justification, without plaintiff's consent, with malice and with intent to inflict pain and suffering.

23.     That defendant JENNIFER CITTADINO Tax. Reg. No. 94442 and two other UNIDENTIFED POLICE OFFICERS who were female knew of the use of excessive force against plaintiff and allowed said use of excessive force to continue, are liable to the plaintiff via their failure to act pursuant to their affirmative duty to intervene to protect the constitutional rights of plaintiff from infringement by other law officers in their presence.

24.     As a direct result of Defendants' actions, Plaintiff was deprived of rights, privileges and immunities under the Fourth Amendment of the United States Constitution being more particularly Plaintiff's right to be free from the use of excessive and unreasonable force.

25.     That by reason of the unlawful use of excessive and unreasonable force, the Plaintiff was harmed physically requiring him to receive emergency and ongoing medical treatment and causing Plaintiff to be subjected to physical pain, humiliation, embarrassment, anxiety and was subjected to various ongoing physical and emotional harms, pecuniary harms and was otherwise harmed.

26.     That by reason of the aforesaid, the plaintiff has been damaged in a sum not to exceed THREE MILLION ($3,000,000.00) DOLLARS and is entitled to an award of punitive damages and

attorneys' fees are appropriate pursuant to 42 U.S.C. Section 1988.

### AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF- VIOLATION OF PLAINTIFF'S RIGHTS PURSUANT TO THE COMMON LAW OF THE STATE OF NEW YORK VIA BATTERY.

27. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully set forth herein.

28. That the defendant NYC is vicariously liable to the plaintiff for the individual defendant's common law torts via the principle of respondeat superior.

29. That New York CPLR Section 1601 does not apply pursuant to the exception provided by CPLR Section 1601 (b).

30. That on July 6, 2009, defendants Sergeant Kelly and five other unidentified officers committed a battery on Plaintiff in that the touching of plaintiff was harmful, was not consented to, and unjustified and so doing Defendants violated the laws and Constitution of the State of New York and otherwise violated plaintiff's rights under New York law.

31. That defendant Sgt Kelly and five other unidentified officers in punching and kicking plaintiff committed a battery against Plaintiff.

32. That by reason of the acts of battery committed against the plaintiff, plaintiff was harmed physically requiring emergency and continuing medical treatment and was subjected to physical pain,

humiliation, embarrassment, anxiety, inflicton of emotional distress, was subjected to various ongoing physical and emotional harms, was pecuniarly harmed and was otherwise harmed.

33. That by reason of the aforesaid, plaintiff has been damaged in a sum not to exceed THREE MILLION ($3,000,000.00) DOLLARS and is entitled to an award of punitive damages and attorneys' fees are appropriate pursuant to 42 U.S.C. Section 1988.

### AS AND FOR A THIRD CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF VIOLATION OF THE PLAINTIFF'S RIGHTS PURSUANT TO THE COMMON LAW OF THE STATE OF NEW YORK VIA ASSAULT

34. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully set forth herein.

35. That on the aforementioned date, time and place, the Defendants committed the tort of assault against the Plaintiff by causing him to be in apprehension of imminent, harmful and offensive touching and in so doing Defendants violated the laws and Constitution of the State of New York and otherwise violated Plaintiff's rights under New York law.

36. That by reason of the aforesaid, committed by Defendants, Plaintiff suffered and continues to suffer emotional injuries and that he was otherwise damaged.

37. That by reason of the aforesaid the Plaintiff has been damaged in a sum not to exceed ONE MILLION ($1,000,000.00)

DOLLARS and is entitled to an award of punitive damages and attorneys' fees are appropriate pursuant to 42 U.S.C. Section 1988.

### AS AND FOR A FOURTH CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF VIOLATION OF THE PLAINTIFF'S RIGHTS PURSUANT TO 42 U.S.C § 1983 AND THE FOURTH AMENDMENT VIA FALSE ARREST

38.  Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

39.  That the plaintiff's rights have been violated under the Fourth Amendment of the United States Constitution made applicable to the states via the Fourteenth Amendment pursuant to 42 U.S.C. § 1983, in that plaintiff was subject to being falsely arrested by the defendants.

40.  That the defendants confined the plaintiff, in that plaintiff was not free to leave, defendants intended to confine plaintiff, plaintiff was conscious of confinement, plaintiff did not consent to confinement and confinement was not otherwise privileged.

41.  As a direct result of defendants' actions, plaintiff was deprived of rights, privileges and immunities under the Fourth and Fourteenth Amendments of the United States Constitution being more particularly plaintiff's right to be free from arrest without probable cause.

42.  That the said false arrest was caused by the defendants,

without any legal justification, without authority of the law and without any reasonable cause or belief that the plaintiff was in fact guilty of crimes.

43. That various defendants who knew of the false arrest and allowed the illegal detention of the plaintiff to continue, are liable to the plaintiff via their failure to act pursuant to their affirmative duty to intervene.

44. That by reason of the aforesaid, the plaintiff has been damaged in a sum not to exceed TWO MILLION ($2,000,000.00) DOLLARS and is entitled to an award of punitive damages and attorneys' fees are appropriate pursuant to 42 U.S.C. Section 1988.

### AS AND FOR A FIFTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF- VIOLATION OF PLAINTIFF'S RIGHTS PURSUANT TO DEFENDANT CITY OF NEW YORK'S FAILURE TO PROPERLY HIRE, TRAIN, SUPERVISE AND DISCIPLINE INDIVIDUAL DEFENDANT POLICE OFFICERS

45. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully set forth herein.

46. That the defendant NYC was negligent, careless and reckless in hiring and retaining, properly training and supervising, as and for its employees, the above named individual defendants and unidentified individuals, in that the said defendants lacked the experience, deportment and ability to be employed by the defendants.

47. That the defendants failed to exercise due care and caution in

11

their hiring practices, and in particular, in hiring the defendant employees who lacked the mental capacity, maturity and the ability to function as employees of the aforementioned defendants.

48. That the defendant NYC failed to train its employees in the proper use of force; to control their tempers and exercise the proper deportment and temperament; and to otherwise act as reasonably prudent police officers; failed to give them proper instruction as to their deportment, behavior and conduct as representatives of their employers and that said failure rose to a level of deliberate indifference to the constitutional right of plaintiff.

49. That the aforesaid occurrences and resulting injuries were caused wholly and solely by reason of the negligence of the defendants, their agents, servants and employees without any negligence on the part of the plaintiff.

50. That by reason of the aforesaid, plaintiff has been damaged in a sum not to exceed ONE MILLION ($1,000,000.00) DOLLARS and is entitled to an award of punitive damages.

**WHEREFORE**, plaintiff demands judgment against the defendants in a sum not to exceed THREE MILLION ($3,000,000.00) DOLLARS and an award of punitive damages on the First Cause of Action; in a sum not to exceed THREE MILLION ($3,000,000.00) DOLLARS and an award of punitive damages on the Second Cause of Action; in a sum not to exceed ONE MILLION ($1,000,000.00) DOLLARS and an award of punitive

damages on the Third Cause of Action; in a sum not to exceed TWO MILLION ($2,000,000.00) DOLLARS and an award of punitive damages on the Fourth Cause of Action and in a sum not to exceed ONE MILLION ($1,000,000.00) DOLLARS and is entitled to an award of punitive damages on the Fifth Cause of Action, along with reasonable attorney's fees pursuant to 42 U.S.C. Section 1988 on all causes of action together with costs and disbursements of this action; a trial by jury of all issues involved in this complaint; and such other and further relief as this Court may deem just and proper under the circumstances

Dated:   March 24, 2010
         Queens, New York

                                          DARMIN BACHU (DB-5392)
                                          ATTORNEY FOR PLAINTIFF
                                          127-21 Liberty Avenue
                                          Richmond Hill, NY 11419
                                          (718) 843-6464

To: Michael Cardozo
    Corporation Counsel
    100 Church Street
    New York, New York 10007