UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------X
RODNEY JAGDEO

                      Plaintiff,

  -against-

CITY OF NEW YORK, SERGEANT LIAM KELLY TAX REG. NO. 924016, POLICE OFFICERS TYLER RUTHIZER TAX REG.NO. 944961 and JENNIFER CITTADINO TAX.REG.NO.944442 and POLICE OFFICER OTTO ESPINOZA TAX REG.NO.897405 and POLICE OFFICER SHELLY PERALTA TAX REG. NO. 937264 and POLICE OFFICER IVETTE CRESPOROMAN TAX REG. NO 938289 and POLICE OFFICER JOSEPH LAMONICA TAX REG. NO. 941052, OFFICER STARLING TAX REG. NO. 942581 AND UNIDENTIFIED NEW YORK CITY POLICE OFFICERS, EMPLOYEES AND AGENTS,

                      Defendants,
-------------------------------------X

FIRST AMENDED COMPLAINT

CIVIL ACTION NO.:

10-CV-2838 (GBD)

JURY TRIAL DEMANDED

The plaintiff, complaining of the defendants, by his attorney, DARMIN T. BACHU ESQ. of BACHU & ASSOCIATES, respectfully shows to this Court and alleges:

### JURISDICTION

1. Jurisdiction is founded upon the existence of a Federal Question.

2. This is an action to redress the deprivation under color of statute, ordinance, regulation, custom, or usage of a right, privilege, and immunity secured to plaintiff by the Fourth and Fourteenth Amendments to the Constitution of the United States (42 U.S.C. § 1983) and arising under the law and statutes of the State of New York.

1

3. Jurisdiction is founded upon 28 U.S.C. Sections 1331, 1343(3) and 1343(4), this being an action authorized by law to redress the deprivation under color of law, statute, ordinance, regulation, custom and usage of a right, privilege, and immunity secured to plaintiff by the Fourth and Fourteenth Amendments to the Constitution of the United States.

4. That venue is proper pursuant to 28 U.S.C. § 1391(b)(1) and 2).

5. The matter in controversy exceeds, exclusive of interest and costs, the sum or value of ONE HUNDRED FIFTY THOUSAND ($150,000.00) DOLLARS.

6. That an award of attorneys' fees is appropriate pursuant to 42 U.S.C. § 1988.

**PARTIES**

7. That the plaintiff, RODNEY JAGDEO, an Asian male, is a resident of the United States and is a resident of the County of Nassau, State of New York.

8. Upon information and belief, that at all times hereinafter mentioned, the defendant, CITY OF NEW YORK (NYC), was and still is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

9. Upon information and belief, that at all times hereinafter mentioned, the defendant NYC its agents, servants and employees operated, maintained and controlled the NEW YORK CITY POLICE DEPARTMENT (NYPD), including all the police officers thereof, and

that NYC is vicariously liable for the violations of New York State tort law by its servants, agents and employees via the principle of respondeat superior as at all times relevant all defendant officers were acting for, upon, and in furtherance of the business of their employer and within the scope of their employment.

10. Upon information and belief, that at all times hereinafter mentioned, defendants SERGEANT LIAM KELLY TAX REG. NO. 924016, POLICE OFFICER TYLER RUTHIZER TAX REG. NO. 944961, POLICE OFFICER OTTO ESPINOZA TAX REG. NO. 897405, POLICE OFFICER JOSEPH LAMONICA TAX REG. NO. 941052, POLICE OFFICER SHELLY PERALTA TAX REG. NO. 937264, POLICE OFFICER IVETTE CRESPOROMAN, TAX REG. NO. 938289, POLICE OFFICER JENNIFER CITTADINO TAX REG. NO. 944442, POLICE OFFICER STARLING TAX REG. NO. 942581 and UNIDENTIFIED POLICE OFFICERS were employed by the defendant NYC as police officers in New York City, New York.

11. The NYPD is a local governmental agency, duly formed and operating under and by virtue of the Laws and Constitution of the State of New York and the defendant, NYC is responsible for the policies, practices and customs of the NYPD as well as the hiring, screening, training, supervising, controlling and disciplining of its police officers and civilian employees.

12. This action arises under the United States Constitution, particularly under provisions of the Fourth and Fourteenth Amendments of the Constitution of the United States, and under

federal law, particularly the Civil Rights Act, Title 42 of the United States Code, Section 1983 and the rights under the Constitution and laws of the State of New York.

13. Each and all of the acts of the defendants alleged herein were done by the defendants, their agents, servants and employees, and each of them not as individuals, but under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of New York, the City of New York, and under the authority of their office as police officers of said state and city.

## PENDENT STATE CLAIMS

14. That Notice of the Plaintiff's Claims, the nature of the claims and the date of, the time when, the place where and the manner in which the claims arose were duly served upon the Comptroller of the defendant NYC within ninety days on or about October 5, 2009.

15. No 50-H hearing was requested of the Plaintiff.

16. That more than thirty days have elapsed since the Notice of Claim has been served upon the defendants and the said defendants have neglected or refused to make any adjustment or payment thereof.

17. That this action is commenced within one year and ninety days after the cause of action arose.

18. That New York CPLR Section 1601 does not apply pursuant to the exception provided by CPLR Section 1602 (1) (b).

**STATEMENT OF FACTS**

19. That Plaintiff was subjected to the above conduct starting on July 6, 2009 at approximately 12 a.m. at 103-12 106 Street Richmond Hill, New York when SERGEANT LIAM KELLY TAX REG. NO. 924016, POLICE OFFICER TYLER RUTHIZER TAX REG. NO. 944961, POLICE OFFICER OTTO ESPINOZA TAX REG. NO. 897405, POLICE OFFICER JOSEPH LAMONICA TAX REG. NO. 941052, POLICE OFFICER IVETTE CRESPOROMAN TAX REG. NO. 938289, POLICE OFFICER SHELLY PERALTA TAX REG. NO. 937264, POLICE OFFICER JENNIFER CITTADINO TAX REG. NO. 944442, POLICE OFFICER STARLING TAX REG. NO. 942581 and other unidentified police officers responded to a 911 call made by Plaintiff because he feared for the safety of his son who had been taken upstairs by an individual against whom Plaintiff had an Order of Protection and whom Plaintiff believed to be in possession of a weapon. Upon the arrival of the officers, Plaintiff requested that the officers please go upstairs and check on his son. One of the officers repeatedly told Plaintiff to shut up and repeatedly bumped his chest into Plaintiff pushing Plaintiff into a corner. Plaintiff complained: "I can't get any justice because one of you guys is fucking my wife" referring to an affair that plaintiff's wife was conducting with an officer at the 106 Precinct. Sergeant Kelly thereafter immediately gave an order to "Cuff him" referring to plaintiff. Plaintiff was then immediately handcuffed and thrown to