the ground. While Plaintiff was lying face down in handcuffs on the floor, Sergeant Kelly put his knee on Plaintiff's neck while Kelly and approximately five other officers including POLICE OFFICER TYLER RUTHIZER TAX. REG. NO. 944961, POLICE OFFICER OTTO ESPINOZA TAX REG.NO. 897405, POLICE OFFICER JOSEPH LAMONICA TAX REG. NO. 941052, POLICE OFFICER STARLING REG. NO. 942581 and other unidentified officers punched and kicked Plaintiff for approximately 5-7 minutes while using racial epithets including calling plaintiff "Nigger". Two or three female officers including Police Officer JENNIFER CITTADINO Tax Reg. # 944442, Police Officer SHELLY PERALTA Tax Reg. # 937264 and Police Officer IVETTE CRESPOROMAN Tax Reg. # 938289 stood nearby and observed the beating of Plaintiff without intervening. The beating of Plaintiff while he was handcuffed on the floor was witnessed by family members including his 11 year old daughter and his niece and her husband. Due to his extensive injuries, Claimant was taken by ambulance to Jamaica Hospital. Upon his release from the hospital, Plaintiff was brought to the 106th Precinct where he was placed in a cell for approximately eight hours until he was taken to Central Booking where he was falsely charged with various offenses and released on $1000 bail. Subsequently, these false charges were adjourned in contemplation of dismissal on October 13, 2009.

<u>**AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF**</u>
<u>**VIOLATION OF PLAINTFF'S RIGHTS PURSUANT TO 42 U.S.C. SECTION 1983**</u>
<u>**AND THE FOURTH AMENDMENT VIA USE OF EXCESSIVE FORCE AND**</u>
<u>**UNREASONABLE FORCE**</u>

20.     Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

21.     That the plaintiff's rights have been violated under the Fourth Amendment of the United States Constitution made applicable to the states via the Fourteenth Amendment pursuant to 42 U.S.C. Section 1983, in that Plaintiff was unlawfully subjected to excessive and unreasonable force by Sgt Kelly who put his knee on Plaintiff's neck while he and approximately five other officers including Police Officer Tyler Ruthizer Tax Reg. No. 944961, Police Officer Otto Espinoza Tax Reg. No. 897405, Police Officer Joseph Lamonica Tax Reg.No. 941052, Police Officer Starling Tax Reg. 942581 and other unidentified officers repeatedly punched and kicked Plaintiff as he lay handcuffed on the ground.

22.     That the said assault and battery of the plaintiff was effected by Sergeant Liam Kelly Tax. Reg. No. 924016, Police Officer Tyler Ruthizer Tax. Reg. No. 944961, Police Officer Otto Espinoza Tax. Reg. No. 897405, Police Officer Joseph Lamonica Tax Reg. No. 941052, Police Officer Starling Reg. No. 942581 and other unidentified officers without any reasonable necessity to use any force much less the excessive force that was employed and used without legal justification, without plaintiff's consent, with malice and with intent to inflict pain and suffering.

23.     That defendant Police Officer JENNIFER CITTADINO Tax. Reg. No.94442, Police Officer SHELLY PERALTA Tax Reg. No. 937264 and Police Officer IVETTE CRESPOROMAN Tax. Reg. No. 938289 knew of the use of excessive force against plaintiff and allowed said use of excessive force to continue, are liable to the plaintiff via their failure to act pursuant to their affirmative duty to intervene to protect the constitutional rights of plaintiff from infringement by other law officers in their presence.

24.     As a direct result of Defendants' actions, Plaintiff was deprived of rights, privileges and immunities under the Fourth Amendment of the United States Constitution being more particularly Plaintiff's right to be free from the use of excessive and unreasonable force.

25.     That by reason of the unlawful use of excessive and unreasonable force, the Plaintiff was harmed physically requiring him to receive emergency and ongoing medical treatment and causing Plaintiff to be subjected to physical pain, humiliation, embarrassment, anxiety and was subjected to various ongoing physical and emotional harms, pecuniary harms and was otherwise harmed.

26.     That by reason of the aforesaid, the plaintiff has been damaged in a sum not to exceed THREE MILLION ($3,000,000.00) DOLLARS and is entitled to an award of punitive damages and attorneys' fees are appropriate pursuant to 42 U.S.C. Section

1988.

## AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF-VIOLATION OF PLAINTIFF'S RIGHTS PURSUANT TO THE COMMON LAW OF THE STATE OF NEW YORK VIA BATTERY.

27. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully set forth herein.

28. That the defendant NYC is vicariously liable to the plaintiff for the individual defendant's common law torts via the principle of respondeat superior.

29. That New York CPLR Section 1601 does not apply pursuant to the exception provided by CPLR Section 1601(b).

30. That on July 6, 2009, defendants Sergeant Liam Kelly, Police Officer Tyler Ruthizer, Police Office Otto Espinoza, Police Officer Joseph Lamonica, Police Officer Starling and other unidentified officers committed a battery on Plaintiff in that the touching of plaintiff was harmful, was not consented to, and unjustified and so doing Defendants violated the laws and Constitution of the State of New York and otherwise violated plaintiff's rights under New York law.

31. That defendant Sgt Liam Kelly, P.O. Tyler Ruthizer, P.O. Otto Espinoza, P.O. Joseph Lamonica, P.O. Starling and other unidentified officers in punching and kicking plaintiff committed a battery against Plaintiff.

32. That by reason of the acts of battery committed against the

9

plaintiff, plaintiff was harmed physically requiring emergency and continuing medical treatment and was subjected to physical pain, humiliation, embarrassment, anxiety, inflicton of emotional distress, was subjected to various ongoing physical and emotional harms, was pecuniarly harmed and was otherwise harmed.

33.    That by reason of the aforesaid, plaintiff has been damaged in a sum not to exceed THREE MILLION ($3,000,000.00) DOLLARS and is entitled to an award of punitive damages and attorneys' fees are appropriate pursuant to 42 U.S.C. Section 1988.

### AS AND FOR A THIRD CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF VIOLATION OF THE PLAINTIFF'S RIGHTS PURSUANT TO THE COMMON LAW OF THE STATE OF NEW YORK VIA ASSAULT

34.    Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully set forth herein.

35.    That on the aforementioned date, time and place, the Defendants committed the tort of assault against the Plaintiff by causing him to be in apprehension of imminent, harmful and offensive touching and in so doing Defendants violated the laws and Constitution of the State of New York and otherwise violated Plaintiff's rights under New York law.

36.    That by reason of the aforesaid, committed by Defendants, Plaintiff suffered and continues to suffer emotional injuries and that he was otherwise damaged.