37. That by reason of the aforesaid the Plaintiff has been damaged in a sum not to exceed ONE MILLION ($1,000,000.00) DOLLARS and is entitled to an award of punitive damages and attorneys' fees are appropriate pursuant to 42 U.S.C. Section 1988.

### AS AND FOR A FOURTH CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF VIOLATION OF THE PLAINTIFF'S RIGHTS PURSUANT TO 42 U.S.C § 1983 AND THE FOURTH AMENDMENT VIA FALSE ARREST

38. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

39. That the plaintiff's rights have been violated under the Fourth Amendment of the United States Constitution made applicable to the states via the Fourteenth Amendment pursuant to 42 U.S.C. § 1983, in that plaintiff was subject to being falsely arrested by the defendants.

40. That the defendants confined the plaintiff, in that plaintiff was not free to leave, defendants intended to confine plaintiff, plaintiff was conscious of confinement, plaintiff did not consent to confinement and confinement was not otherwise privileged.

41. As a direct result of defendants' actions, plaintiff was deprived of rights, privileges and immunities under the Fourth and Fourteenth Amendments of the United States Constitution being more particularly plaintiff's right to be free from arrest

without probable cause.

42. That the said false arrest was caused by the defendants, without any legal justification, without authority of the law and without any reasonable cause or belief that the plaintiff was in fact guilty of crimes.

43. That various defendants who knew of the false arrest and allowed the illegal detention of the plaintiff to continue, are liable to the plaintiff via their failure to act pursuant to their affirmative duty to intervene.

44. That by reason of the aforesaid, the plaintiff has been damaged in a sum not to exceed TWO MILLION ($2,000,000.00) DOLLARS and is entitled to an award of punitive damages and attorneys' fees are appropriate pursuant to 42 U.S.C. Section 1988.

<u>AS AND FOR A FIFTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF-VIOLATION OF PLAINTIFF'S RIGHTS PURSUANT TO DEFENDANT CITY OF NEW YORK'S FAILURE TO PROPERLY HIRE, TRAIN, SUPERVISE AND DISCIPLINE INDIVIDUAL DEFENDANT POLICE OFFICERS</u>

45. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully set forth herein.

46. That the defendant NYC was negligent, careless and reckless in hiring and retaining, properly training and supervising, as and for its employees, the above named individual defendants and unidentified individuals, in that the said defendants lacked the experience, deportment and ability to be employed by the

defendants.

47. That the defendants failed to exercise due care and caution in their hiring practices, and in particular, in hiring the defendant employees who lacked the mental capacity, maturity and the ability to function as employees of the aforementioned defendants.

48. That the defendant NYC failed to train its employees in the proper use of force; to control their tempers and exercise the proper deportment and temperament; and to otherwise act as reasonably prudent police officers; failed to give them proper instruction as to their deportment, behavior and conduct as representatives of their employers and that said failure rose to a level of deliberate indifference to the constitutional right of plaintiff.

49. That the aforesaid occurrences and resulting injuries were caused wholly and solely by reason of the negligence of the defendants, their agents, servants and employees without any negligence on the part of the plaintiff.

50. That by reason of the aforesaid, plaintiff has been damaged in a sum not to exceed ONE MILLION ($1,000,000.00) DOLLARS and is entitled to an award of punitive damages.

**WHEREFORE**, plaintiff demands judgment against the defendants in a sum not to exceed THREE MILLION ($3,000,000.00) DOLLARS and an award of punitive damages on the First Cause of Action; in a sum not to exceed THREE MILLION ($3,000,000.00) DOLLARS and an award of

13

punitive damages on the Second Cause of Action; in a sum not to exceed ONE MILLION ($1,000,000.00) DOLLARS and an award of punitive damages on the Third Cause of Action; in a sum not to exceed TWO MILLION ($2,000,000.00) DOLLARS and an award of punitive damages on the Fourth Cause of Action and in a sum not to exceed ONE MILLION ($1,000,000.00) DOLLARS and is entitled to an award of punitive damages on the Fifth Cause of Action, along with reasonable attorney's fees pursuant to 42 U.S.C. Section 1988 on all causes of action together with costs and disbursements of this action; a trial by jury of all issues involved in this complaint; and such other and further relief as this Court may deem just and proper under the circumstances

Dated:   October 5,2010
        Queens, New York

                                          _____
                                        DARMIN BACHU (DB-5392)
                                        ATTORNEY FOR PLAINTIFF
                                        127-21 Liberty Avenue
                                        Richmond Hill, NY 11419
                                        (718)843-6464

To: Michael Cardozo
    Corporation Counsel
    100 Church Street
    New York, New York 10007