UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

RODNEY JAGDEO,

                     Plaintiff,

-v-

CITY OF NEW YORK, ET AL.,

                     Defendants.
------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: OCT 18 2012

10 Civ. 2838 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

      Plaintiff, Rodney Jagdeo, initiated this action against various New York City police officers and the City of New York pursuant to 42 U.S.C. § 1983 and New York State law. (Dkt. #12) Plaintiff alleges that the individual defendants subjected him to excessive force and false arrest in violation of the Fourth Amendment of the United States Constitution. (*Id.*) Plaintiff further asserts claims of common law assault and battery against the individual defendants and the City of New York. (*Id.*) Finally, Plaintiff alleges that the City of New York was negligent in hiring, training, and supervising the individual defendants. (*Id.*)

      Plaintiff has consented to dismissal of his claims as alleged against Officers Espinoza, Peralta, Cresporoman, Lamonica, and Starling. (Dkt. #27) He has also consented to dismissal of his negligent hiring, training, and supervision claim. (Dkt. # 34) Consequently, the only defendants that remain in this action are Sergeant Liam Kelly, Police Officers Tyler Ruthizer and Jennifer Cittadino, and the City of New York. These defendants now move for summary judgment on Plaintiff's false arrest claim, Defendant Cittadino moves for summary judgment on all remaining claims alleged against her, and the City of New York moves for summary

1

judgment on all § 1983 claims asserted against it. (Dkt. #28) Plaintiff does not oppose Defendants' motion. (Dkt. #32)

For the reasons that follow, Defendants' partial motion for summary judgment is GRANTED in its entirety.

I.   LEGAL STANDARD

Summary judgment is properly granted when, after reviewing the evidence in the light most favorable to the non-moving party, "there is no genuine issues as to any material fact" and "the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *Nabisco Inc. v. Warner-Lambert Co.*, 220 F.3d 43, 45 (2d Cir. 2000). For summary judgment purposes, a genuine issue exists if the evidence is such that a reasonable jury could decide in the non-moving party's favor. *Id.* In evaluating a motion for summary judgment, the Court is not to weigh the evidence or make credibility assessments. *Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986).

"When the burden of proof at trial would fall on the nonmoving party, it ordinarily is sufficient for the movant to point to a lack of evidence . . . on an essential element of the nonmovant's claim." *Cordiano v. Metacon Gun Club, Inc.*, 575 F.3d 199, 204 (2d Cir. 2009). "Where the moving party demonstrates the absence of a genuine issue of material fact, the opposing party must come forward with specific evidence demonstrating the existence of a genuine dispute of material fact." *Brown v. Eli Lilly & Co.*, 654 F.3d 347, 358 (2d Cir. 2011) (citations omitted).

Where the non-moving party fails to controvert a fact set forth in the moving party's Rule 56.1 statement, that fact will be deemed admitted. *Giannullo v. City of New York*, 322 F.3d 139, 140 (2d Cir. 2003). However, even when the non-moving party chooses not to oppose a motion for summary judgment, the Court must examine the moving party's submissions to determine

whether it has met its burden of demonstrating that no issue of material fact remains for trial. *Amaker v. Foley*, 274 F.3d 677, 681 (2d Cir. 2001).

## II. FACTS

The following facts are drawn from Defendants' unopposed Rule 56.1 Statement and the exhibits to the Declaration of Matthew Weir. (Dkt. #s 29, 30). On July 6, 2009 a domestic dispute arose at 103-12 106th Street, the home of Plaintiff and his wife, Ramona Jagdeo. (Def. 56.1 ¶ 1) Ms. Jagdeo went to the police precinct and told an officer at the front desk that the Plaintiff threatened to kill her and told her that he could get a gun. (Ramona Jagdeo Dep. 18:2-21) The precinct officer advised Ms. Jagdeo to return home and call the police. (Ramona Jagdeo Dep. 18:18-21)

Both Plaintiff and Ms. Jagdeo called 911 to report the dispute. (Def. 56.1 ¶ 1; Am. Cmplt. ¶ 19; Ramona Jagdeo Dep. 19:12-15; Rodney Jagdeo Dep. 25:2-23) Ms. Jagdeo told the 911 operator that Plaintiff had threatened to kill her and had stated that he could get a gun and "he doesn't have a problem going back to jail." (Ramona Jagdeo Dep. 19:12-15) When police officers arrived at 103-12 106th Street, Ms. Jagdeo met them outside of her home. (Ramona Jagdeo Dep. 20:14-16) She repeated the information that she originally gave to the 911 operator. (Ramona Jagdeo Dep. 22: 7-22) Plaintiff was subsequently placed in handcuffs and arrested. (Def. 56.1 ¶ 6)

Defendant Jennifer Cittadino was not present when Plaintiff was taken into custody at 103-12 106th Street. (Def. 56.1 ¶ 8; Cittadino Dep. 15:10-12)

Plaintiff was ultimately charged with obstructing governmental administration in the second degree, resisting arrest, disorderly conduct, and harassment in the second degree. (Weir Dec. Exh. D, p. 1)

III.  **DISCUSSION**

Defendants move for summary judgment on Plaintiff's false arrest claim, Defendant Cittadino moves for summary judgment on all remaining claims alleged against her, and the City of New York moves for summary judgment on all § 1983 claims asserted against it.  For the following reasons, Defendants' motion is GRANTED.

### A. Summary Judgment Is Granted On Plaintiff's False Arrest Claim

Defendants assert that summary judgment on Plaintiff's false arrest claim is appropriate because there was probable cause for Plaintiff's arrest.  (Mot. 3-7)  The presence of probable cause is a complete defense to an action for false arrest or false imprisonment whether under § 1983 or state law. *See Covington v. City of New York*, 171 F.3d 117, 122 (2d Cir. 1999).

"Probable cause to arrest exists when the arresting officer has knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime." *Escalera v. Lunn*, 361 F.3d 737, 743 (2d Cir. 2004) (internal quotation marks and citations omitted).  "When determining whether probable cause exists, courts must consider those facts available to the officer at the time of the arrest and immediately before it, as probable cause does not require absolute certainty." *Gaston v. City of New York*, 851 F. Supp. 2d 780, 788 (S.D.N.Y. 2012) (internal quotation marks and citations omitted).

Moreover, "police officers when making probable cause determinations, are entitled to rely on the victims' allegations that a crime has been committed." *Martinez v. Simonetti*, 202 F.3d 625, 634 (2d Cir. 2000).  The reliance on such information is valid absent circumstances that raise doubts as to the victim's veracity. *See Virgil v. Town of Gates*, 455 Fed.Appx. 36, 38 (2d Cir. 2012).

Based on the undisputed record before the Court, there was probable cause to arrest Plaintiff for harassment in the second degree.[1] Pursuant to New York Penal Law § 240.26, "[a] person is guilty of harassment in the second degree when, with intent to harass, annoy or alarm another person: [h]e . . . subjects such other person to physical contact, or attempts or threatens to do the same." Upon the officers' arrival at Plaintiff's residence, Ms. Jagdeo told them that Plaintiff "came in drunk and he start [sic] cursing me, saying he going to kill me . . . ." (Ramona Jagdeo Dep. 22: 7-22) Such threats of violent physical contact are a violation of § 240.26(1). *See, e.g., Warlock Ents. v. City Center Assocs.*, 204 A.D.2d 438, 438 (2d Dept. 1994) (assuming that the threat to kill was genuine, it constituted harassment in the second degree). Moreover, an officer of reasonable caution could, based on Ms. Jagdeo's statements, believe that Plaintiff committed harassment in the second degree. *See, e.g., Hart v. City of Binghamton*, 2012 WL 1565085, at *3 (N.D.N.Y. May 2, 2012) (finding probable cause for harassment where purported victim informed the responding officer that the plaintiff was a participant in a dispute that prompted a 911 call and had threatened the purported victim).

Because the undisputed record demonstrates that there was probable cause to arrest Plaintiff for harassment in the second degree, and because probable cause is a complete defense to claims of false arrest, summary judgment is granted on Plaintiff's false arrest claim as alleged against all Defendants.

---

[1] Defendants assert that the Court should grant summary judgment on Plaintiff's false arrest claim because there was probable cause to arrest Plaintiff for harassment in the second degree and false reporting in the third degree. (Mot. 6-7) In assessing whether there was probable cause to arrest, "it is not relevant whether probable cause existed with respect to each individual charge, or indeed, any charge actually invoked by the arresting officer at the time of the arrest." *Jaegly v. Couch*, 439 F.3d 149, 154 (2d Cir. 2006). Because the Court finds that there was probable cause to arrest Plaintiff for harassment in the second degree, it need not consider the existence of probable cause for false reporting.

### B. Summary Judgment Is Granted On All Remaining Claims Against Defendant Cittadino

Defendant Cittadino moves for summary judgment on the remaining claims asserted against her, namely Plaintiff's § 1983 excessive force claim and his state law assault and battery claims. (Mot. 7) Defendant Cittadino asserts that summary judgment is warranted because she was not present when the events underlying these claims allegedly occurred. (Mot. 7)

Plaintiff's excessive force, assault, and battery claims are each based on events that allegedly occurred when he was taken into custody at this home at 103-12 106th Street. (Am. Cmplt. ¶ 19) While Plaintiff alleges in his Amended Complaint that Defendant Cittadino was present when these events occurred (Am. Cmplt. ¶¶ 19, 23), the record before the Court indicates otherwise. More specifically, Defendant Cittadino testified at her deposition that she never appeared at 103-12 106th Street on July 6, 2009. (Def. 56.1 ¶ 8; Cittadino Dep. 15:10-12) She further testified that while she and her partner were originally going to respond to the incident at Plaintiff's home, they were "diverted to another location by [their] sergeant, so [they] never actually got to [103-12 106th Street]." (Cittadino Dep. 15:3-9) Plaintiff has submitted no evidence to contradict Defendant Cittadino's testimony.

It is well established that § 1983 imposes liability only upon a defendant who personally "subjected, or caused to be subjected" any person to the deprivation of any federal right. *Williams v. Smith*, 781 F.2d 319, 323 (2d Cir. 1986). Therefore, "personal involvement of defendant in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *McKinnon v. Patterson*, 568 F.2d 930, 934 (2d Cir. 1977), *cert. denied*, 434 U.S. 1087 (1978). Moreover, to establish assault or battery, Plaintiff must show that Defendant Cittadino made physical or bodily contact with him. *See Fugazy v. Corbetta*, 34 A.D. 728, 729 (2d Dept. 2006). Based on the uncontroverted record before the Court, no reasonable jury could find that

6

Defendant Cittadino was personally involved in any of the conduct giving rise to Plaintiff's excessive force, assault or battery claims. Consequently, Defendant Cittadino's motion for summary judgment is granted, and she is dismissed from this action.

### C. Summary Judgment Is Granted On All § 1983 Claims Alleged Against The City of New York

Lastly, the City moves for summary judgment on all § 1983 claims asserted against it. (Mot. 8-9) A municipality may not be held liable under § 1983 on the basis of *respondeat superior*. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694-5 (1978). Thus, "[t]o hold a city liable under § 1983 for the unconstitutional actions of its employees, a plaintiff is required to plead and prove three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." *Wray v. City of New York*, 490 F.3d 189, 195 (2d Cir. 2007) (internal quotation marks omitted). Summary judgment is warranted here because Plaintiff has failed to come forward with any evidence that he was deprived of his constitutional rights as the result of a City custom or policy. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986) (moving party is entitled to judgment as a matter of law if the nonmoving party has failed to make a sufficient showing on an essential element of his case with respect to which he has the burden of proof).

## IV. CONCLUSION

For the forgoing reasons, Defendants' motion for partial summary judgment is GRANTED in its entirety, and Defendant Cittadino is dismissed from this action. The only claims remaining for trial are (1) Plaintiff's § 1983 claim against Sergeant Kelly and Police Officer Ruthizer alleging excessive force in violation of the Fourth Amendment and (2) Plaintiff's common law assault and battery claims against Sergeant Kelly, Police Officer Ruthizer, and the City of New York.

On or before **November 2, 2012**, the Parties shall submit all pretrial materials as required by this Court's Individual Practices. The Parties shall also submit a joint letter indicating whether they would like a referral to the magistrate for settlement.

Furthermore, counsel for all parties shall appear for a scheduling conference before the Court on **November 20, 2012** at **3:30 PM** in Courtroom **17B** of the United States District Court for the Southern District of New York, 500 Pearl Street, New York, New York.

SO ORDERED:

Dated: October 18, 2012
       New York, New York

_____
ALISON J. NATHAN
United States District Judge